524 N.W.2d 350 (1994)
246 Neb. 1029
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
Roy E. MEHMKEN, Respondent.
No. S-94-219.
Supreme Court of Nebraska.
December 2, 1994.
HASTINGS, C.J., and CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.
PER CURIAM.
Roy E. Mehmken was admitted to the practice of law in Nebraska in 1970. On or about June 2, 1992, Mehmken was charged in the county court for Lancaster County, Nebraska, with three counts of the misdemeanor offense of issuing a bad check, in violation of Neb.Rev.Stat. § 28-611 (Reissue 1989). On May 3, 1993, Mehmken pled guilty to one count of issuing a bad check and was fined $100 plus court costs. The remaining two counts were dismissed on motion of the county attorney.
Mehmken was also charged on March 3, 1993, in the district court for Lancaster County with the felony offense of theft by unlawful taking, in violation of Neb.Rev.Stat. § 28-511 (Reissue 1989). On July 9, the above-mentioned charge was reduced to the misdemeanor offense of attempted theft by unlawful taking. Mehmken entered a plea of no contest and was found guilty by the district court. Mehmken was sentenced to serve 10 months in the Lancaster County jail and ordered to pay restitution in the amount of $1,000.
This court temporarily suspended Mehmken from the practice of law in Nebraska on March 3, 1994, until further order. On August 18, formal charges were duly filed and served by the Nebraska State Bar Association. Mehmken failed to respond to the formal charges within the 20 days allowed by Neb.Ct.R. of Discipline 10(H) (rev. 1992). As provided by rule 10(I), this matter may be disposed of by this court on its own motion.
Relator charges Mehmken with violating Canon 1, DR 1-102(A)(1), (3), (4), and (6), of the Code of Professional Responsibility as adopted by this court. We have consistently held that a violation of any of the ethical standards relating to the practice of law or any conduct of an attorney which tends to bring reproach upon the courts or the legal profession constitutes grounds for suspension or disbarment. State ex rel. NSBA v. Kirshen, 232 Neb 445, 441 N.W.2d 161 (1989). *351 See, also, State ex rel. NSBA v. Rasmussen, 232 Neb. 53, 439 N.W.2d 481 (1989); State ex rel. NSBA v. Statmore, 218 Neb. 138, 352 N.W.2d 875 (1984); State ex rel. NSBA v. Doerr, 216 Neb. 504, 344 N.W.2d 464 (1984). Also, we have held that the conviction of a felony or misdemeanor involving moral turpitude rendered upon a plea of nolo contendere is conclusive upon a respondent lawyer in a disciplinary proceeding and is sufficient to authorize the court to impose discipline. State ex rel. Nebraska State Bar Assn. v. Leonard, 212 Neb. 379, 322 N.W.2d 794 (1982).
The convictions set forth above evidence conduct that constitutes a violation of the aforementioned code sections and a violation of Mehmken's oath as an attorney. Accordingly, Mehmken is ordered disbarred, effective immediately.
JUDGMENT OF DISBARMENT.
WHITE, J., not participating.