529 N.W.2d 799 (1995)
247 Neb. 735
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
Richard L. SCHMELING, Respondent.
No. S-94-485.
Supreme Court of Nebraska.
March 31, 1995.
*801 John W. Steele, Asst. Counsel for Discipline, for relator.
Dana M. London, Lincoln, for respondent.
CAPORALE, LANPHIER, WRIGHT, and CONNOLLY, JJ., MILLER-LERMAN, Judge, and GRANT, J., Retired.
PER CURIAM.
Formal disciplinary charges against Richard L. Schmeling were filed with the Nebraska Supreme Court on May 17, 1994. A referee was appointed, and findings of fact were entered on September 30. The referee recommended that Schmeling be suspended from the practice of law for 1 year. Schmeling has taken exception to the referee's findings *802 and recommendation. We accept the referee's recommendation and impose discipline.

FACTS
On March 31, 1993, Geoffrey and Sylvia Huntington filed a complaint against Schmeling with the Nebraska State Bar Association's Counsel for Discipline. Schmeling filed an untimely response to the complaint on May 17, and he did not appear at a March 8, 1994, hearing before the Committee on Inquiry of the First Disciplinary District. Formal charges were subsequently filed with the Supreme Court.
The record shows that Schmeling, who was admitted to the practice of law in 1965, was employed by the Huntingtons in August 1989 to assist them in a foreclosure action on their home. On or about September 28, 1989, Schmeling was served with a request for admissions by the lender. Schmeling failed to file the Huntingtons' response to the request, and the request for admissions was deemed admitted. The admissions were subsequently used against the Huntingtons in support of the lender's successful motion for summary judgment. However, the referee found that the Huntingtons were not adversely affected by this because the evidence was uncontroverted that the admissions were true.
Schmeling also represented the Huntingtons in a chapter 13 bankruptcy proceeding which was filed in August 1990, just prior to a hearing on the foreclosure action. The automatic stay imposed by the bankruptcy laws stopped the foreclosure. However, Schmeling failed to file a plan within the 15-day time period provided by bankruptcy rule 3015, 11 U.S.C. app. rule 3015 (1988). The chapter 13 bankruptcy petition was filed on August 13, 1990, but the plan was not filed until after September 24. Schmeling testified that he was not familiar with chapter 13 bankruptcy and did not know when the plan had to be filed. Schmeling's failure to file the plan resulted in the issuance of an order of intent to dismiss the bankruptcy petition.
The first plan filed by Schmeling contained numerous items to which the chapter 13 trustee had valid objections. An amended plan prepared by Schmeling also was not satisfactory to the trustee. In May 1990, Schmeling was advised that the bankruptcy petition would be dismissed if a new amended plan was not filed within 30 days. Schmeling admitted that he never told the Huntingtons that he was not filing a second amended plan, nor did he seek or obtain their approval not to file a second amended plan. The bankruptcy petition was dismissed on August 20, 1991, but Schmeling did not advise his clients of the dismissal.
After the dismissal of the bankruptcy petition, the foreclosure proceedings continued. On October 23, 1991, Schmeling appeared on behalf of the Huntingtons to object to confirmation of the foreclosure sale. The Huntingtons were not advised of the sale and confirmation of sale until early November, when they were served with a writ of assistance which required them to vacate their home within 3 days.
Schmeling was charged with violating the following provisions of the Code of Professional Responsibility:
DR 1-102 Misconduct.
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
....
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
....
DR 6-101 Failing to Act Competently.
(A) A lawyer shall not:
(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.
(2) Handle a legal matter without preparation adequate in the circumstances.
(3) Neglect a legal matter entrusted to him.
....
DR 7-101 Representing a Client Zealously.
(A) A lawyer shall not intentionally:
....

*803 (2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105.
(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B).
....
DR 7-106 Trial Conduct.
(A) A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but he may take appropriate steps in good faith to test the validity of such rule or ruling.
The referee concluded that Schmeling violated DR 1-102, DR 6-101, and DR 7-101 in the following respects: failing to file a plan within 15 days of the filing of the bankruptcy petition, failing to obtain his clients' approval in deciding not to file a second amended plan, and failing to notify his clients of the dismissal of the bankruptcy proceedings and of the recommenced foreclosure proceedings. The referee also noted that Schmeling had received three private reprimands: on December 10, 1990, for events that occurred between 1988 and 1990; on September 22, 1992, for events that occurred on July 13, 1992; and on February 5, 1993, for events that occurred on January 3, 1992. The referee recommended that Schmeling be suspended from the practice of law for 1 year.

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record, in which the Supreme Court reaches a conclusion independent of the findings of the referee, provided, where credible evidence is in conflict on a material issue of fact, the Supreme Court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. State ex rel. NSBA v. Veith, 238 Neb. 239, 470 N.W.2d 549 (1991). In its de novo review of the record in a disciplinary proceeding against an attorney, and to sustain a particular complaint against an attorney, the Supreme Court must find that the complaint has been established by clear and convincing evidence. State ex rel. NSBA v. Thor, 237 Neb. 734, 467 N.W.2d 666 (1991). In a disciplinary proceeding against an attorney, the basic issues are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. NSBA v. Kirshen, 232 Neb. 445, 441 N.W.2d 161 (1989). The court, in determining the imposition of discipline, should bear in mind that cumulative acts of attorney misconduct are distinguishable from isolated incidents of neglect and therefore justify more serious sanctions. Veith, supra; Kirshen, supra.
Schmeling first takes exception to the referee's conclusion that the failure to file the original plan of reorganization within 15 days of the filing of the bankruptcy petition constitutes a violation of any disciplinary rule. Schmeling admits that he did not file the original plan within the prescribed time, but he argues that his failure to do so did not violate the code of ethics because it was not prejudicial to the administration of justice and did not constitute neglect of a legal matter.
Neglect is defined as "[a]n omission to do or perform some work, duty, or act." Black's Law Dictionary 1032 (6th ed. 1990). There is no question that Schmeling neglected to file the original reorganization plan within the time allowed by the bankruptcy rules. The failure to file the plan was properly considered by the disciplinary committee and the referee in determining whether to file charges and in recommending discipline. We find no merit to the first exception.
Schmeling takes exception to the finding that he violated DR 7-101(A)(3). He argues that his actions did not prejudice or damage his clients because they were delinquent in their payments to the chapter 13 trustee and would not have been successful in their reorganization efforts.
Schmeling admitted that he never filed a second amended plan, but he stated that he believed the Huntingtons would not have been successful in their efforts to reorganize their debts. Schmeling said he was under the impression that the Huntingtons were *804 behind in their payments to the trustee, although Schmeling had received no official notification to that effect from the trustee. This exception also has no merit. We have stated that an attorney's "excuse that the lawsuit was without merit is unacceptable. An attorney who neglects a matter entrusted to him has failed to act competently." State ex rel. NSBA v. Rasmussen, 232 Neb. 53, 56, 439 N.W.2d 481, 483 (1989). Whether the Huntingtons would have been successful in completing the requirements of a chapter 13 bankruptcy is not the issue. The issue is whether Schmeling abided by the disciplinary rules regarding vigorous representation of his clients, which he did not.
Schmeling takes exception to the referee's conclusion that the private reprimands of September 22, 1992, and February 5, 1993, can be considered in determining the sanctions to be imposed against him. He argues that under Neb.Ct.R. of Discipline 9(H)(2) and (H)(3)(g) (rev. 1992), only prior private reprimands should be considered in any subsequent disciplinary proceeding. Schmeling asserts that to consider the subsequent reprimands violates his right of due process and is fundamentally unfair.
At the hearing before the referee, the relator offered as evidence the three private reprimands issued against Schmeling. Schmeling did not object to the admission of the evidence. In another disciplinary action, we held that a party may not take exception to the admission of evidence in this court's consideration of a disciplinary proceeding where no objection to the evidence was made before the referee, just as a party on appeal may not assign the admission of evidence as error where no objection was made at trial. See State ex rel. NSBA v. Roubicek, 225 Neb. 509, 406 N.W.2d 644 (1987). Therefore, Schmeling cannot take exception in this court to the receipt into evidence of the exhibits related to these reprimands when he did not object to their admission at the hearing.
Schmeling also argues that these reprimands cannot be used in determining the sanction imposed upon him because two of them occurred subsequent to the events related to the Huntingtons. In State ex rel. Nebraska State Bar Assn. v. Michaelis, 210 Neb. 545, 316 N.W.2d 46 (1982), cert. denied 459 U.S. 804, 103 S.Ct. 27, 74 L.Ed.2d 42, reh'g denied 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 625, we stated that while an attorney's actions subsequent to the events underlying a disciplinary case should perhaps not be considered in determining whether the attorney has violated the Code of Professional Responsibility, it is permissible for these subsequent events to be considered in determining what sanctions should be imposed against the attorney in the disciplinary matter. Therefore, Schmeling's exception is not well taken.
Schmeling takes exception to the referee's recommendation of a 1-year suspension from the practice of law. Schmeling argues that this sanction is excessive and disproportionate to disciplinary orders entered in proceedings similar in nature and that a more appropriate sanction would be probation or a public reprimand and/or censure.
We have stated:
To determine whether and to what extent discipline should be imposed it is necessary that the following factors be considered: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) his present or future fitness to continue in the practice of law.
State ex rel. NSBA v. Veith, 238 Neb. 239, 246, 470 N.W.2d 549, 555 (1991).
A violation of any of the ethical standards relating to the practice of law or any conduct of an attorney which tends to bring reproach upon the courts or the legal profession constitutes grounds for suspension or disbarment. State ex rel. NSBA v. Mehmken, 246 Neb. 1029, 524 N.W.2d 350 (1994); State ex rel. NSBA v. Kirshen, 232 Neb. 445, 441 N.W.2d 161 (1989). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances to determine an appropriate sanction. Veith, supra. Considering the six factors identified in Veith, a 1-year *805 suspension from the practice of law is not excessive or disproportionate.
In his brief, Schmeling raises other issues concerning the formal charges. However, we are limited in our review to examining only those items to which he has taken exception. Other issues discussed but not assigned as exceptions will not be considered.

CONCLUSION
Schmeling violated the Code of Professional Responsibility and misrepresented information to his clients, which is conduct that is prejudicial to the administration of justice. He attempted to handle a chapter 13 bankruptcy, although he admitted, "I don't do a lot of Chapter 13s." He neglected to timely file the first plan, and he completely neglected to file a second amended plan. As a result of these actions, the bankruptcy proceeding was dismissed, the Huntingtons' home was foreclosed upon, and the Huntingtons were given a writ of assistance requiring them to vacate their home within 3 days. Schmeling ignored rules of the bankruptcy court requiring the steps to be taken in pursuing bankruptcy as a remedy. This is prejudicial conduct.
We find after a de novo review that the complaint has been established by clear and convincing evidence, and the court is satisfied to a reasonable certainty that the charges are true. See State ex rel. NSBA v. Thor, 237 Neb. 734, 467 N.W.2d 666 (1991). Schmeling is suspended from the practice of law for 1 year, effective immediately.
JUDGMENT OF SUSPENSION.
WHITE, C.J., and FAHRNBRUCH, J., not participating.